JONATHAN BODGETT *vs.* JOHN L. EBBING.

By the rules of the common law the husband might sue in his own name alone or in the joint name of himself and wife, on an express promise made to the wife during coverture.

By the acts of the legislature of 1839 and 1846, in relation to the rights of married women, a promissory note, made payable directly to the wife, becomes *primâ facie* her separate property, and a suit for its recovery should be in the joint name of the husband and wife.

IN error from the circuit court of Bolivar county; Hon. George Coalter, judge.

The facts are contained in the opinion of the court.

*J. R. Enloe*, for plaintiff in error.

*W. C. & A. K. Smedes*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error sued the defendant on a promissory note, bearing date of the 15th December, 1846, payable to Mary H. Bodgett, who, at the date of the note and the institution of the suit, was the wife of the plaintiff in error. On the trial, the circuit judge instructed the jury, that "if a note is made to the wife, under the laws of Mississippi, in an action to enforce payment of it, the action must be in the name of the husband and wife." By the rules of the common law, the husband might sue in his own name alone or in the joint name of himself and wife on an express promise made to the wife during coverture. 4 Chitty's Blackstone, 361, note 44.

We think, however, that a fair and proper construction of the acts of 1839 and 1846, in relation to the rights of married women, justify the instruction given by the court. Under those statutes promissory notes, made payable directly to the wife, become *primâ facie* her separate property; and suits for their recovery should be in the joint name of the husband and wife. At the common law, in suits for the recovery of the wife's real estate, or for choses in action which would necessarily survive

to her, she had to be joined with the husband, 4 Chitty's Blackstone, note 44; and the same rule must *a fortiori* apply to suits for the recovery of property held by a married woman in her own right under the statutes of this State.

Let the judgment be affirmed.