Billingslea et ux. *v.* Young.

———————

O. F. BILLINGSLEA et ux. *v.* ELIJAH YOUNG, Executor, &c.

1. HUSBAND AND WIFE: POWER OF WIFE TO EXECUTE A RECEIPT.—A feme covert may execute a valid receipt for the payment of money, which belongs to her as her separate estate.

2. SAME: SEPARATE ESTATE OF WIFE.—If a deed conveying to a married woman property as her separate estate, reserve a power of revocation in the donor upon the payment of a specified sum of money to the donee, the deed vests in her no estate or interest which cannot be divested by the donor, by the simple act of revocation, done in accordance with the terms of the deed, and without her consent. And, therefore, it is not necessary to the validity of the revocation, for a conveyance of the property to be made by the husband and wife, as prescribed in the Acts of 1839 and 1846.

3. EXECUTOR AND ADMINISTRATOR: DISTRIBUTION: FAILURE TO RETURN INVENTORY NO BAR TO.—The failure of an administrator to return an inventory and proper accounts of the estate of the decedent is no bar to a petition of the distributee, for distribution before final settlement; in such a case, the court will, at the instance of the distributee, compel the administrator to return a correct inventory, and to settle his account, in order to ascertain the amount subject to distribution.

4. SAME: RULE IN RELATION TO PLANTING WITH DECEDENT'S PROPERTY.—To justify an administrator or executor in keeping the property of the decedent together, and working it on the plantation, he must bring himself within the provisions of the statute on that subject, or the terms of the will under which

he acts; or show the consent, either express or implied, of the parties interested; otherwise he will be liable for the profits, or for the rent of the land and hire of the slaves, at the election of the distributees.

5. SAME: WHEN DISTRIBUTEE OUGHT TO ELECT BETWEEN PROFITS AND HIRE.—A distributee entitled to an election as to whether he will take the proceeds of the crops raised by the executor, or the rent of the land and hire of the slaves, ought to make the election in his petition for distribution. It seems that he would not be entitled to an account and discovery from the executor, before he is required to make the election. Sed quære.

6. WIDOW:'DOWER: RENTS.—A widow, before assignment of dower in her husband's realty, is not entitled, in a proceeding against the administrator for distribution, to recover of him rents for the land.

APPEAL from the Probate Court of Madison county. Hon. I. M. Simmons, judge.

The appellants, Billingslea and wife, filed their petition in the court below, against Elijah Young, executor of the last will and testament of Madison G. Nash, deceased, in which it is alleged that Wilson Nash, father of said Madison, died in 1852, and by his will devised and bequeathed certain lands and slaves and other property to said Madison, and also to his brother, Edwin F. Nash, now deceased ; that said Elijah was nominated executor of said will, and afterwards qualified as such, and caused the said will to be probated; that afterwards, in 1854, said Madison G. Nash died, having also made his will, and appointed defendant, Young, his executor ; and that petitioner, Mary E. Billingslea, was the surviving widow of said Madison (and is now wife of her co-petitioner), and that he left no issue; that by the will of said Madison, which has been duly probated, and of which the defendant has qualified as executor, no provision was made for said Mary E., and that she did, within the proper time, renounce the same ; that after the death of said Wilson Nash, and before the death of said Madison G., said Edwin F. Nash died intestate, being under the age of twenty-one years, leaving as his heirs said Madison and two others. That said Edwin F. was not indebted, and that the defendant, Young, had administered on his estate. That the defendant had not returned any inventory or account in the court, of the estate of said Madison G., or of said Edwin F.

The petitioner further stated, that the defendant had worked the

slaves and plantation of the said Wilson Nash, including the slaves and land of the said Madison and Edwin F., without any authority of and contrary to law, and that he had returned no account of the hire of the slaves, rents, &c. The petition shows that more than twelve months had elapsed since the qualification of defendant as executor of said Madison G. Nash, and claimed distribution of one-half of the personal estate devised to him by said Wilson, and also of one-half of one-third of the estate of Edwin F. Nash; and it contained an offer to execute a refunding bond.

To the end that distribution might be made, the petitioners prayed that said Elijah Young be required to return an inventory of the estate of said Madison G. Nash, including the property devised and bequeathed to him by his brother, and also his interest in the estate of Edwin F. Nash; and that defendant be required to return a correct account of the profits made by working the slaves and plantations, and that he also return an account showing the value of the annual hires of the slaves and the rents of the realty, in order that petitioner, Mary E., might elect which she would take, the profits, or the hires and rents. The petitioners made the wills of Madison and Wilson Nash, Exhibits to this petition, and from them it appeared in substance as therein stated.

The defendant answered, admitting the allegations of the petition in reference to the deaths of Madison, Wilson, and Edwin F. Nash, and his appointment and qualification as executor of the wills of the two former, and as administrator of the latter, and that petitioner Mary E., was widow of Madison Nash. He gave as a reason for his failure to return separate inventories of the estates of Madison and Edwin F. Nash, that no distribution had as yet been made of Wilson Nash's estate, and that he had, as executor of said Wilson, returned full inventories and accounts of said estates. He admits that he, as executor of Wilson Nash, had worked the slaves and plantations devised by said Wilson Nash, to said Madison, with the property devised by said Wilson, to Stephen Lynch Nash, who is a ward of defendant, and states that he has returned full and just accounts of the profits; which accounts he makes Exhibits to his answer.

Defendant further states that the entire interest of said Edwin F. Nash, together with a portion of the interest of Madison G.

VOL. IV.—7

Nash in Wilson Nash's estate, has been sold by him, with the consent of petitioner, Mary E. The defendant also claimed that said Madison G. Nash had, in his lifetime, conveyed all of his estate to Avaline Young, wife of the defendant.

The defendant demurred to so much of the petition as sought for a discovery in relation to the rents and hires.

Upon the trial, it was shown, on behalf of defendant, that on the 17th day of January, A.D. 1854, the said Madison G. Nash, being then confined by sickness, made and delivered a deed, by which, in consideration of the love and affection he bore to his sister, Avaline Young, and also for one hundred dollars paid to him (as the deed recited), he conveyed to said Avaline all the estate which was devised and bequeathed to him by his father.

This deed contained also the following. provision : " I hereby reserve to myself the use of said property during my life, with the rents, issues, and profits thereof, I using the same in a prudent manner ; and also the power, at my will and pleasure, to revoke this deed upon paying to her (said Avaline) the said one hundred dollars, should I recover from my present sickness. And I do hereby declare it my intention that this be construed as a deed vesting in the donee at the time of the execution thereof all my estate in said property, with the reservation of the right to defeat the same upon the condition and the happening of the event herein expressed."

On behalf of the petitioner it was shown that the said Madison G. Nash recovered from the attack of sickness under which he was suffering when he executed said deed, and that on the 11th day of April, 1854, he executed the following deed of revocation.

" Know all men by these presents, that I, Madison G. Nash, of Madison county, Miss., do hereby forever revoke and annul a certain deed by me executed on the 17th day of January, 1854, wherein I conveyed to my sister, Avaline Young, wife of Elijah Young, of said county, certain property described, I having recovered from the sickness under which I then labored, and paid to the said Avaline Young the sum of one hundred dollars, as in said deed provided."

It was also shown that the said Avaline executed the following receipt :

" Madison county, Miss., April 10, 1854. Received of M. G.

Nash, one hundred dollars, in consideration of which, I hereby relinquish all claim upon the real and personal estate of said M. G. Nash.

(Signed)        "AVALINE YOUNG."

Upon final hearing the court dismissed the petition, and the petitioners appealed.

*Lawson* and *Luckett*, for appellants.

1. The appellee had no power to carry on the farm. 7 How. 150 ; Chilton Prob. Ct. 269 ; 3 How. 502.

2. The appellant was entitled to have an account of the profits and of the rents and hires, before she made her election which she would take. *Heathcote* v. *Hulme*, 1 Jac. and Walk. 134 ; *Burden* v. *Burden*, 1 Ves. & Beames, 170 ; 1 Johns C. R. 620. And the Probate Court had jurisdiction to compel a discovery on this point. 27 Missi. R. 767.

3. The offer to give the refunding bond, in the petition, was sufficient. No bond could be given until it was decreed that petitioners were entitled to distribution. See Hutch. Dig. p. 665, § 91.

4. Upon the death of E. F. Nash, his estate vested in M. G. Nash, so as to vest his widow with the right to distribution of it, upon the death of her husband. Realty and personalty descend in the same way. Hutch. Dig. 622, 624 ; Toler on Exrs. 384, § 386.

5. The deed made by M. G. Nash to Avaline, was revocable by its express terms. It conveyed an estate, which was subject to be defeated by the act of the donor, without the consent of the grantee, and hence, the receipt executed by Mrs. Young, being only evidence of the payment of money to which she was entitled, did not require the assent of her husband, nor that she should acknowledge it in the mode required by law for the valid conveyance of the property of married women. It was in no sense a conveyance of her separate estate, but only the acknowledgment of a fact, which could have been proved by other testimony.

The deed did not vest any estate in the grantee ; the grantor reserved full dominion and control over the property. See *Thompson* v. *Thompson*, 2 How. 737 ; *Marshall* v. *Fulgham*, 4 How. 216 ; 2 Kent, 546 ; 1 Kelley's R. 595.

*Tupper* and *Singleton,* for appellee.

1. No refunding bond was executed and tendered. The statute is imperative, and " bond security" must be given. Hutch. Dig. 665, § 91.

2. No inventory had been returned. The court must have jurisdiction both over the person and the subject-matter. In this case the jurisdiction over the property had not attached.

3. The property did not belong to M. G. Nash, at the time of his death ; he had conveyed it to Avaline Young. Conceding that the power of revocation was retained, yet it could only have been exercised upon the condition mentioned in the deed. The receipt of Mrs. Young is not good as a release of her separate estate under the statute of '39 or '46, nor had she the power at common law to make such a contract. If relied upon merely as an acknowledgment or admission, that she had received $100 mentioned in the deed, it is equally inadmissible, since it is well settled that admissions of the wife made during coverture are not evidence against her. *Lassel* v. *Brown,* 8 Blackf. 221; *La Grace* v. *Peterson,* 2 Sandf. Sup. Ct. R. 338 ; *Churchill* v. *Smith,* 16 Verm. R.; *Hall* v. *Hall,* Str. 1094; P. Wills, 175; Bac. Ab. Ev. 622. The joint answer of husband and wife cannot be read in evidence against the wife. *Alban* v. *Pritchett,* 6 T. R. 680 ; *Hodson* v. *Merest,* 9 Price, 556.

4. The proceeds of the crops are assets, if the crops were made with assent of the distributees, and in that view he has accounted for them ; but if made without their assent he was a wrongdoer, and is only accountable at common law, not here. 3 How. 352.

FISHER, J., delivered the opinion of the court.

This was a petition filed by the appellants in the Probate Court of Madison county, alleging that the appellant, Mrs. Billingslea, as the widow of one Madison G. Nash, deceased, is entitled to an interest of one-half of the estate of the deceased ; that the appellee, Young, had qualified as executor of the last will and testament of the deceased; that more than one year had elapsed since the grant of letters testamentary to the executor.

The petitioners offer to execute a refunding bond, with security,

&c. The petition then proceeds to set forth definitely the situation and nature of the estate, and prays a decree for distribution, &c.

The executor, by his answer, sets up as a defence, that the said Madison G. Nash, in his lifetime, conveyed the estate to the wife of the executor, and that she is entitled to the same. He also states that he has not made any inventory of the estate; and that the same was sold with the consent of the petitioner, &c.

It may be stated in general terms that the petition and accompanying exhibits show a clear case for relief; and the question must therefore be, whether the executor has succeeded in establishing his defence.

First, as to the deed under which Mrs. Young claims. It appears that the testator, Nash, executed to Mrs. Young a deed, by which he conveyed to her his interest as a legatee in the estate of his father, reserving, however, to himself the right to retain the possession and enjoyment of the property during his life, and to revoke the deed if he recovered from the sickness which then afflicted him, on paying to Mrs. Young, the grantee, one hundred dollars. The record shows that he recovered from the sickness under which he labored; that he, by an instrument set out in the record, revoked the deed; and, it further appears, that the grantee executed to him a receipt for the one hundred dollars which was to be paid to her upon the revocation of the deed. Upon this state of case, it is insisted by counsel, that the title to the property having vested in the grantee, it could only be divested by an instrument executed jointly with her husband, as provided by law; and that as the receipt of the wife, could not operate to convey her title, it is void. We disagree with counsel on this point. The grantor reserved to himself the power to annul the deed; and it was his act, and not the act of the grantee, which was to destroy her title, if in fact it ever vested. The receipt was wholly unnecessary as a mode of reconveying the property. The contract was, that the deed was to become inoperative and void upon the repayment of the one hundred dollars, and the title to remain with the grantor, as if the deed had never been executed. The receipt was intended to evidence the payment of the money; and, the question is, whether, being the act of the wife, the sanction of the husband not appearing, it was good for this purpose? The wife was the party to whom

payment was to be made, and it can scarcely be plausibly argued, that a person to whom payment is to be made, cannot give the proper evidence of the fact.   The wife having the right to receive the money, the power to execute the proper receipt for it would be implied.

It is next said that the executor has failed to return an inventory of the estate, and that distribution cannot, therefore, be decreed. This position, if it be good for any purpose, it is to show, that the executor has not performed his duty as required of him by law.   The question is, whether the petitioners are entitled to a distribution of the estate ; and if so, the power to make distribution carries with it the power to compel the executor to make an inventory, to render an account, and to do everything to ascertain the nature and extent of the estate to be distributed.   We have already said that the petitioners from the showing made are entitled to distribution, that the defence set up cannot avail the executor, and this being the attitude of the case, the first inquiry of course is to ascertain the estate to be distributed.   If the executor had performed his duty according to law, and made the proper inventory, and settled his accounts at the proper time, the court would have been relieved of part of the duty now to be performed.   But certainly a party, failing to perform his duty at the proper time, cannot insist that he is exempt from performing it at another time.   The court, however, can have no difficulty in compelling an executor in default in making an inventory, and settling his accounts.

There are other questions, which are not very material, to be noticed, especially as there is no proof on the subject.   One is, whether the executor, having kept the property together on a plantation, shall be accountable only for the crops, or for rent of the land and hire of the slaves.   The executor, to justify himself in working the property, must bring himself either within the provision of the statute, or the terms of the will under which he acted, or show the consent of parties interested, and this consent may be shown either by positive evidence or presumed from the conduct of the parties.   In the absence of a showing authorizing the executor to keep the property together, the distributee can of course make her election to take either the crops, or hire for the slaves, and it ought to be made by the petition itself.   She will not be entitled

in this proceeding to recover rents for the land, because she could have proceeded at any time for her dower, and the Probate Court would have no jurisdiction as to the rents in her case.

Decree reversed, cause remanded, with instructions to the court below to proceed according to this opinion.*