## EMANUEL LEVY and WIFE *v.* JAMES L. DARDEN.

1. HUSBAND AND WIFE : RIGHT OF WIFE TO SUE IN RELATION TO HER SEPARATE ESTATE.—The statutes of this State have conferred upon a married woman the general capacity to sue at law jointly with her husband in relation to her separate estate, whether held under the statute, or under a deed ; and hence, when the coverture of the wife is relied on in bar of a suit in the joint names of husband and wife, it is sufficient for her to reply that the subject-matter of the suit is her separate estate, without setting out the manner in which she claims title.

2. SAME : JUS DISPONENDI OF WIFE AT COMMON LAW.—At common law, a married woman has the right to dispose of her separate personal estate, and the rents and profits of her separate real estate, as if she were a *feme sole,* unless she be restricted by the terms of the settlement. See 2 Leigh R. 183 ; 1 Maddox, 371 ; 3 Rand. 381 ; 3 Bro. C. C. 340 ; Ib. 8 ; 1 Ves. R. 46 ; 9 Ib. 520 ; 1 Tuck. Com. 113.

3. SAME : JUS DISPONENDI OF WIFE UNDER STATUTES OF THIS STATE.—A married woman holding separate estate under the statute may dispose of any or all of it (except land and slaves), as a *feme sole.*

ERROR to the Circuit Court of Monroe county. Hon. Joel M. Acker, judge.

The declaration is in the name of Emanuel Levy and Jeannette, his wife, as plaintiffs, and avers that the defendant, on the 1st July, 1858, was indebted to said Jeannette in the sum of $79 25, orders for goods before that time sold and delivered by said Jeannette to defendant, and that defendant afterwards promised to pay said sum to said Jeannette.

The bill of particulars filed shows that the indebtedness was for milliners' goods.

The defendant pleaded that at the time of making the contract mentioned in the declaration, the said Jeannette was a *feme covert*, and in law incapable of contracting so as to bind herself or the defendant.

The plaintiffs replied, admitting the coverture, but averring that the goods sold " were the separate property of the said Jeannette."

To this implication, the defendant demurred on two grounds.

1. Because it does not aver by what right and in what manner said Jeannette became possessed of said goods as her separate property, nor her right to dispose of the same, so as to enable her to sue at law for the price.

2. Because said Jeannette, as a *feme covert*, has no right to sue for the price of said goods so sold, upon a contract with her, even if she owned them in her separate right.

The demurrer was sustained, and the plaintiffs declining to plead further, judgment final was rendered against them, and they sued out this writ of error.

*F. M. Rogers* and *D. W. Saddler*, for plaintiffs in error.

We insist that the court below erred in sustaining the demurrer to the replication. The appellants brought suit on an account for money due Mrs. Levy, for goods sold by her to the defendant, who had purchased the goods from her, and promised to pay for them. The defendant attempted to avoid a judgment by pleading her coverture. The plaintiffs replied, that the goods were her separate property, to which replication the defendant demurred, and the court sustained the demurrer to the replication.

Even at common law, when a married woman is possessed of a separate estate, she can, by joining with her husband, sue for and recover her property.

Under our statute, the manner in which a married woman shall dispose of slaves is laid down, but that does not extend to any other kind of property; the power of disposing of such stands as at common law: there the rule is, that a *feme covert*, having a separate estate, without restrictions to any particular mode of disposition, may act as a *feme sole*. *Work* v. *Glaskins*, 33 Miss. Rep.

And under our statute, a *feme covert*, having a promissory note payable to herself, she and her husband may sue for and recover the amount of it from the maker. Here was a promise to the *feme covert*, Mrs. Levy, founded on a valuable consideration, for goods sold by her to the defendant, and consumed by him, and he cannot, even if they were not her separate property, avoid the payment. *Budgett* v. *Ebbing*, 24 Miss. Rep. 245.

But in this case, the plaintiffs reply, that the goods sold were the separate property of Mrs. Levy. She was not bound to assert in that replication how she owned the goods; in what way, whether by statute or deed of settlement, she became possessed of the goods. If there was any restriction, the defendant should have stated that in a rejoinder; but we insist that even that would not have availed him: the contract was consummated so far as she was concerned. She had delivered the goods, and there was nothing more for her to do, except to receive the money for them.

If a party purchase property from an infant, recovery can be had for the value of the property.

*Sale* and *Phelan*, for defendant in error.

I. But the action of the court on the principle involved in the demurrer to the replication was correct, apart from the defects of the declaration.

There is no general source, at common law, under which a married woman may hold title to personal property separate from her husband. She must always claim under some special instrument, or contract, or statute. The nature of her title, and the extent of her powers in relation to such property, must be determined by the special provisions of the instrument under which she claims. Both the character of her title, and the extent of her powers, therefore, may be as varied as it is possible for the mind to conceive. This fact involves, as a necessity, the principles now settled, that all

questions originating in regard to the separate property of a married woman, must be determined solely by reference to the special source under which she claims. Title may be conferred for any limited time, or in fee simple. A power of alienation may be given or withheld. A mode of alienation may be prescribed, &c. &c. All disposition of such property, if not authorized, or if authorized, and a mode of alienation is prescribed, and that mode is not followed, is void. The party to be affected by the claim of such married woman acts at his peril. No rights can be acquired not consistent with, and in conformity to, the requisition and provisions of the special source of her title. If this be true, it is absolutely essential, that when a married woman institutes a suit to recover a judgment, based upon the existence of alleged separate property in herself, that she should be required specifically to set out, in full, the special source from which her alleged right arises, to the end that the defendant may obtain the decision of the courts as to her right to obtain such judgment against him. Under the principles alluded to unnumbered reasons demand that this should be done. Should the contract, upon which the suit is brought, have been one which the *feme covert* was not authorized to make, or not authorized to make in that form, the judgment then sought against him, predicated upon the supposed validity of such contract, after its rendition and discharge by the defendant, may be declared void, and the specific property taken from him, after he has paid its price. The replication did not do this, and was insufficient.

Again, the allegation, that the said "goods were the separate property of the said Jeannette Levy," is but legal inference. Such title in a married woman, as we have shown, must always be a matter of legal construction. The facts supposed to bestow upon her that title, must be set forth. The court will then say whether they confer such a title, and whether she was authorized to sell, and in the mode adopted. If after thus setting forth the source of her title, it is seen, that for any cause the purchaser did not get a good title, she will not be permitted to recover the price agreed to be paid, but will be entitled to regain the specific property.

II. "It is only in equity that a married woman, as to her separate property, is regarded as a *feme sole.*" Clancy, 282. "At common law, a married woman was not allowed to contract, as a *feme*

*sole*, nor, as such, to sue or be sued. That being the legal rule, the wife cannot at law bind herself by any contract, in regard to her separate property." 2 Bright's Husb. & Wife, 249.

" Although she may become entitled to a separate property for her separate use, she is no more capable of contracting than before." Ib. 254. Regarding this replication, therefore, as presenting the general question of the power of a married woman to bind herself at law, in regard to separate property, and the demurrer was properly sustained. If she held said goods as her separate property, her rights and remedies in regard to the same cannot be considered in the form of action, and under the allegations in the pleadings.

III. " If the married woman receive money or property by gift to herself, or in payment for her services, and lend it, her husband, and not she, has the right to recover it; and so, if she sell anything, her husband has the right to recover the price." 1 Parsons, 286. Apart from the question of alleged separate property, the husband, perhaps, might have recovered the price of the goods, although sold and delivered by the wife. To do so, however, required an entirely different writ and declaration from the one filed, and seeking a judgment in his own name. We say, apart from the question of the goods having been alleged to have been the separate property of his wife, perhaps, under the facts, a recovery might have been had for their price, in a suit instituted in the name of the husband, and upon an alleged contract with him. But in that case, if the defendant made the contract with the wife, not knowing of her marriage, he could not recover as upon the contract, but would have to resort to some action, alleging title in himself, either to recover the specific goods or their value.

" If A. enter into a contract with the wife of B., not knowing her marriage, and she having no authority to bind B., and not professing to act for him, the wife is not bound; neither is B. liable upon such contract. And whether B., who may certainly repudiate the contract, can elect to adopt it, and enforce it as his own against A., may well be doubted. Upon principle, we should say, he could not, because there is a total want of reciprocity or mutuality." 1. Parsons, 287.

HARRIS, J., delivered the opinion of the court.

The plaintiffs in error filed their action in this court to recover an account for goods sold and delivered by the wife of the plaintiff Emanuel Levy, to the defendant.

To this complaint, defendant pleaded the general issue ; and 2d. That at the time of making the contract sued on, plaintiff, Jeannette Levy, was a *feme covert,* and the wife of the said Emanuel, and incompetent to contract.

Plaintiffs replied that the goods, &c., sold to the defendant, were the separate property of the said Jeannette.

To this replication, the defendant demurred,

1st. Because the replication does not allege by what right, and in what manner, said Jeannette became possessed of said goods as her separate property ; and of the right individually to dispose of the same, so as to enable her to sue for the price of the same in a court of law.

2d. Because said Jeannette, as a *feme covert,* has no right to sue for the price of said goods so sold, upon a contract with her, admitting the title to said goods to have been in her, as her separate property.

The court sustained the demurrer, with leave to plaintiffs to reply over, which the plaintiffs declining to do, judgment was entered for the defendant, and the case brought here by writ of error.

The only error assigned is the judgment of the court sustaining defendant's demurrer to plaintiffs' replication.

The first ground of demurrer is based upon the principle that at common law a *feme covert* cannot be joined as a party plaintiff with her husband, except where she is the meritorious cause of action, as upon a contract made with her *dum sola,* or for the recovery of property belonging to her before the marriage.

Laboring under a general disability to sue, it was necessary for her in suing to bring herself within the exception by special averment in the pleadings.

While a *feme covert* generally, she was neither capable of contracting nor of suing, or being sued, at law.

Our statutes of 1839 and 1846, under which the contract sued on was made, have materially changed the common law rules on

this subject. Under these acts, she may acquire and hold separate estate, both real and personal, in her own right; and by the Act of 1846 it is specially provided that all suits upon contracts in relation to or affecting the separate property of the wife, either real or personal, shall be prosecuted in the joint names of the husband and wife, and may be prosecuted in the courts of common law jurisdiction.

Under these statutes, promissory notes made payable directly to the wife during coverture, it is said in *Bodgett* v. *Ebbing*, 24 Miss. R. 245, became *prima facie* her separate property, and suits for their recovery should be in the joint names of husband and wife.

She may execute a valid receipt for property which belongs to her as separate estate. *Billingslea and wife* v. *Young*, 33 Miss. R. 95.

Our statutes having bestowed upon the wife the *general capacity* to sue jointly with her husband upon contracts in relation to or affecting her separate property, it was sufficient, to bring her within the operation of the statute, and to avoid the general disability of coverture relied on by the defendant, to show by her replication that the suit was founded upon a contract in relation to her separate property. How she acquired her right to that property, whether by gift or bequest, or whether it arose from the rents, issues, profits, or proceeds of her separate estate, could not be a material inquiry, since the statute has annexed no such condition to the exercise of the right thus conferred.

The second ground of demurrer relied on is, that as a *feme covert* the said Jeannette has no right to maintain this action for the price of goods *sold upon a contract with her*, although such goods were her separate property.

It is insisted, in argument, in support of this ground of demurrer, by counsel for defendant in error, that it is not competent for a married woman, by the common law, to make any contracts. That all contracts made by her for the disposition of her separate estate are void, except such as are specially permitted by the statute or settlement, or other instrument authorizing or creating such separate estate.

By the common law, an action might be maintained in the joint name of husband and wife upon an express promise made to the wife alone. *Bodgett* v. *Ebbing*, 24 Miss. 245; 1 Tucker Lect. 124.

So where she has separate property.    Ib. and 2 Blackf. Rep. 1230.

It cannot be therefore said, that in all cases at common law even, the contracts of married women in relation to their separate estate, or where made by the consent of the husband, are void.

Neither is it maintainable as a legal proposition that the *jus disponendi* of personal property, belonging to a *feme covert* as her separate estate, can only exist when it is specially conferred by the statute or conveyance from which the ability to hold it in her own right is derived.

The rule is, that she has a right to dispose of all her separate personal estate, and of the profits of her separate real estate, as if she were sole, unless restricted by the provisions of the settlement. 2 Leigh R. 183 ; 1 Mad. 371 ; 3 Rand. 381.   So it is held by Lord Thurlow in 3 Brown's C. C. 340.   See also Ib. 8 ; 1 Ves. Jr. 46 ; 9 Ib. 520 ; and see 1 Tuck. Lect. and cases cited 113, 114 ; and the reasoning employed.

If, therefore, the property sold in this case was the separate property of the wife, as alleged in the replication, and she had the right to dispose of it, the defendant has no right to complain, unless the statute has prescribed some special mode by which *alone* the sale can be made.   The Act of 1846 provides no restriction as to the sale of the wife's property, except upon the sale of her slaves or her real estate.   She had, therefore, the right to sell the goods if they were her separate property as alleged.   It follows that the demurrer to the replication should have been overruled.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.