R. J. HARDING et al. v. J. T. COBB et al.

1. MARRIED WOMEN—POWER OVER THEIR SEPARATE ESTATE.—Unless the statute or the deed, or other instrument under which a *feme covert* takes and holds her property, prescribes a mode of disposition, she has absolute dominion over it, and deals with it as a *feme sole.*

2. SAME—PERSONALTY AND CHOSES IN ACTION.—She is not restricted in disposal of her personalty, and may, as payee, by indorsement, transfer completely the legal and beneficial title to a promissory note.

3. PARTIES—MISJOINDER OF PLAINTIFFS.—Where the wife, by indorsement, transfers the legal and beneficial interest in a promissory note drawn payable to order, it is a misjoinder of plaintiffs to unite her and her husband with the assignee in an action on the note ; *aliter* if the assignee had taken but an equitable interest in the note.

4. SAME—PLEADING.—A misjoinder of plaintiff, if it appear on the face of the bill, is demurrable, and, if not, may be pleaded.

APPEAL from the chancery court of Hinds county, 1st district. CABANISS, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*E. E. Baldwin,* for appellants.

1. The assignors of the special lien, Emma J. Cobb and Joseph T. Cobb, are improperly joined as complainants with W. H. Edrington, the assignee, in the bill. If the note has been properly transferred, and the lien passed to the assignee, then Cobb and wife have no interest. If otherwise, the lien did not pass, and the assignee acquired no interest.

2. There is no privity between complainant, Edrington, and defendants, without which, unless there be a special lien passed to him, he can have no lien on the land. It is a well settled principle that a vendor's lien is not assignable, and does not pass with the note which it secures, there being no privity between the vendee and the assignee of the note. There must be a special lien reserved in the deed, to pass any lien upon the property to the assignee of the note.

3. The complainant, Emma J. Cobb, being a married woman, could not, by her simple indorsement, unaccompanied by that of her husband, and except with the requirements of the law providing the method by which married women may transfer their property, transfer the note to complainant, Edrington, and the special lien therein contained, and accompanying it on the said land. In every case where her signature is of legal importance, to be valid it must be accompanied by that of her husband.

4. The special lien is in the nature of a mortgage, but is not stated as such in the deed upon which the bill is founded.

*S. M. Shelton,* for appellees,

Contended, that the lien in this case is materially different from the equity of the vendor raised by impli-

cation. It is an equitable mortgage, and passes with
the note from the vendor to his assignee, like any other
security. Terry et al. v. Woods, 6 S. & M. 149; Tan-
ner v. Hicks, 2 ib. 294; Gold v. Stratton, 40 Miss. 778.
All the rights of the payee of a note pass to the assignee,
even so far as to permit an adult assignee to plead the
infancy of the payee against the bar of the statute of
limitations. Adams v. Torrey's executors, 26 Miss.
499. Nor does it require a special indorsement to pass
such a lien; it being an equitable mortgage, passes like
an express lien. Gold v. Stratton, 40 Miss. 782.

Mrs. Cobb's indorsement and delivery of the note
passed to Edrington the legal title to the note, and all
secureties by which it was protected in her hands, as
fully as though she had been a *feme sole*. Promissory
notes, made payable directly to the wife, must be
treated as her property. 24 Miss. 245. And if her
separate property, she could sell it as she could any
other property, and by her simple indorsement pass the
legal title; Levy and wife v. Darden, 38 Miss. 57;
because there is no restriction upon a *feme covert* in the
disposal of her separate property, except as to land.
Work v. Glaskins, 33 Miss. 539; Story on Bills, § 92.
If, by reason of her coverture, Mrs. Cobb could not
make a legal indorsement, the note being personal
property, the title passed without writing of any kind,
though it be true that the assignee, by delivery, would
have to use the payee's name in a suit at law on the
note. Pitts et al. v. Parker et al. 44 Miss. 250.

But, admitting that the legal title to the note did not
pass by the indorsement and delivery by the wife alone,
it is submitted that the transaction vested in Edrington
an equitable title to the note and a right to the pro-
ceeds. This equitable assignment has the same effect,
both in law and equity, that a legal assignment would.
Equity will carry into effect the intention of the par-
ties as manifested by their acts, and regard that as done

which the parties intended to do; and, by joining
Edrington in this suit, Mrs. Cobb shows it was her in-
tention to pass to Edrington the lien sought to be
enforced; and Cobb, by joining his wife, signifies his
consent to her assignment of the note. 1 Story Eq.
Jur. 649; Tombigbee R. R. Co. v. Bell et al. 7 How.
(Miss.) 216; 36 Miss. 149, 150.

If the legal title did not pass by the assignment,
Cobb and wife are necessary parties to the bill. Smith
et al. v. Walker et al. 1 S. & M. Ch. 433; Story Eq.
Pl. 158; Rev. Code of 1871, § 1783. And if the legal
title did pass by the assignment, they are merely
nominal parties, and their non-joinder or misjoinder is
no cause of demurrer. Story Eq. Pl. 221, 229.

SIMRALL, J.:

W. H. Edrington, Joseph T. Cobb and Emma J., his
wife, brought a bill in chancery against R. J. Harding
and Agnes E., his wife, to foreclose an equitable mort-
gage.

In January, 1870, Cobb and wife sold and conveyed
to Agnes E. Harding certain lands, reserving in the
deed a lien to secure the deferred payments of $1,000
each, evidenced by the promissory notes of Harding
and wife, one due 1st of January, 1871, the other the
1st day of January, A. D. 1872. These notes were pay-
able to Mrs. Emma J. Cobb. The last one was trans-
ferred to Edrington for value, by indorsement, Mrs.
Cobb writing her name across the face of the note.

To the bill, Harding and wife demurred, which de-
murrer was overruled. The error complained of is that
decision of the chancellor. Several special causes of
demurrer were assigned.

1. That Mrs. Cobb alone could not indorse and nego-
tiate the note; it must be the concurrent act of herself
and husband. In Blodgett v. Elbing, 24 Miss. 245, it
was held, that a promissory note payable to the wife

was *prima facie* her separate property. The require-. ment of the statute relating to the separate property of married women, that the husband should.be joined with the wife in suits affecting such property, was intended to give her the benefit of his counsel and assistance in vindicating her rights. This in nowise abridges or limits her power of disposition. That subject has been several times carefully considered in this court. It may be assumed, as the principle deducible from the cases, that unless the statute, or the deed or other instrument under which she takes and holds the property, prescribes a mode of disposition, she is to be regarded as having the "absolute dominion, and deals with it as a *feme sole.*" Garrett v. Dabney, 27 Miss. 343; Black v. Cross, 36 ib. 558; Bank of Louisiana v. Williams et ux. 46 ib. 633.

There is a distinction between her authority to bind her estate by incurring debts, and her power over the property itself; and then again, her power of alienation, by sale and transfer, is different, as the property may be real or personal estate. If she signs the note of her husband as surety, she creates no obligation, yet she may, to a certain extent, incumber her estate for the husband's debt. If she makes a mortgage, or an absolute conveyance, the husband must join with her in the deed. Yet she alone may lease for a term of years or make contracts for the use of real estate. So, too, she may loan her money and take securities therefor in her own name. The statute does not restrict or prescribe how she shall dispose of her.personal property, whether goods and effects, money or choses in action. Her title under the statute is legal, exclusive of all interest in the husband, and she may deal with it as though not under coverture. As payee of a promissory note, she may assign it by indorsement, and thereby completely transfer the title. She may give a receipt for property or an obligation to herself, which is a good acquittance. Billingslea et ux v. Young, 33 Miss. 95. We are of

opinion, that Edrington acquired a legal title to the note by Mrs. Cobb's indorsement to him.

2. It is further objected that there is a misjoinder of parties plaintiff. Mrs. Cobb's indorsement having passed to Edrington the legal title to the paper, and also the entire beneficial interest, Cobb and wife represented no claim or pretension of any sort to the subject of the suit. It follows, therefore, that they were improperly joined as complainants. If Edrington took but an equity in the note, the legal title continuing in Mrs. Cobb, then she and her husband might have been co-complainants. The assignor of a chose in action may unite as complainant with the assignee who takes but an equitable title.

The doctrine upon this subject is, that in a joint suit, the want of interest in either of the plaintiffs is as fatal as the want of interest in a sole plaintiff. 1 Story Eq. Pl.; Clarkson v. DePeyster, 3 Paige Ch. 336; Griffith v. Ricketts, 3 Hare, 476. The misjoinder of such parties plaintiff may, if it appears on the bill, be taken advantage of by demurrer, if it does not so app^ar by plea. 1 Story Eq. Pl., § 283. If not excepted to in either mode, it may not avail at the hearing, but the court may, if justice can be done, proceed to make decree. Ib.

3. Another ground was, that the note was not stamped as required by the revenue laws; but the deed was. We are not aware that the revenue laws require a double stamp on deeds because they retain a lien for the purchase money. Be this as it may, this objection is met and obviated by Morris v. McMorris, 44 Miss. 441; Richardson & May v. Davis, 45 ib.

For the misjoinder of Cobb and wife, as plaintiffs, the decree of the chancery court will be reversed and cause remanded, with leave for Edrington to amend his bill by striking out their names as plaintiffs, and for further proceedings.

It is necessary, if practicable, to make the holder of the other note party to the suit, as the lien reserved operates for the equal benefit of the holders of both the unpaid notes.