## W. E. UPSHAW ET AL. *v.* C. W. GIBSON.

53 ·341
84  235

ESTOPPEL.  *Infant feme covert.   Not estopped by acquiescence in sale of her property.*
> An infant *feme covert* can recover her personal property sold in her presence by her husband, with her knowledge and without objection on her part or any notification to the buyer at the time that she was the owner of the property, although the rights of mortgagees from the buyer have supervened.

ERROR to the Circuit Court of Yazoo County.

Hon. W. B. CUNNINGHAM, Judge.

This was an action of replevin by the defendant in error, trustee in a deed of trust given by one Humphreys on some mules.   Mrs. Upshaw petitioned to be made a party defendant to the suit on the ground that the mules belonged to her.   By consent she was made defendant; and the case going to trial before the circuit judge, without a jury, on the single question of title to the property, he decided in favor of the plaintiff, and Mrs. Upshaw brings the case to this court.

*Miles & Epperson*, for the plaintiff in error.

*Robert Bowman*, on the same side.

An infant is not estopped even by his deed. *Cook* v. *Toumbs*, 36 Miss. 685. It has been held that the doctrine of estoppel is inapplicable to infants. Tyler on Infancy and Coverture, § 54; *Brown* v. *McCune*, 5 Sandf. 224. A deed of property by an infant married woman is invalid and not binding upon her, unless ratified by her after she becomes of legal age. *Markham* v. *Merrett*, 7 How. (Miss.) 437; *Sanford* v. *McLean*, 3 Paige, 117; *Cason* v. *Hubbard*, 38 Miss. 45.

The judge below held, however, that notwithstanding Mrs. Upshaw was an infant and married woman, she was estopped by her acquiescence.

The contract of a married woman being void, it cannot be ratified unless by deed in the mode prescribed by statute. Positive acts of encouragement, which might operate to estop one *sui juris*, will not affect one under legal disability; and a wife cannot do or forbear to do any act to affect her property, unless settled to her separate use. Tyler on Infancy and Coverture, § 541.

The above principle is deduced from the decisions of the courts of Pennsylvania, Maryland, and other states where the statutes in regard to married women are similar to ours.

*Garnett Andrews*, for the defendant in error.

As to the general doctrine that ordinarily, under facts like those presented in this case, the party would be estopped, there can be no doubt. 2 Smith's Leading Cases (5th Am. ed.), 660, 661.

The question in the case at bar is, how far the principle is applicable to an infant *feme covert*.

At page 653 of 2 Smith's Leading Cases (5th Am. ed.), in the American notes, the subject is summed up in the following language: " It has sometimes been doubted whether the favor which the law shows minors should not extend to protecting them against the loss of that by an estoppel arising out of their words and actions, which they were not permitted to part with by a direct contract. It is evident that, where a contract is voidable, any estoppel which is solely founded upon it must be invalid. *Brown* v. *McCune*, 5 Sandf. 224; but as minors are equally

liable with adults for *torts*, it would seem they may be barred by an estoppel growing out of a course of conduct which is fraudulent, or *equivalent to fraud in itself or in its consequences. Barham v. Turbeville*, 1 Swan, 437; *Whittington v. Wright*, 9 Ga. 23. Yet, as an equitable estoppel must always be founded, either wholly or in part, on the wrong of the party estopped, the age of the minor should be taken into consideration in deciding on his guilt or innocence, and he should not be barred by what he has done or said, unless there is sufficient reason for believing that he was cognizant of his own rights, and aware of the injurious effect which his conduct might produce on others."

While infants and married women are not bound by estoppels *by deed*, they are bound by equitable estoppels. Herman on Estoppels (ed. of 1871), §§ 416, 501, and authorities cited. " If an infant suffers another to purchase his property without informing such person of his ownership, he cannot recover the property of the purchaser. An infant standing by and seeing his property mortgaged, saying nothing, cannot afterwards claim the property as his." Herman on Estoppels, 481, 482.

CAMPBELL, J., delivered the opinion of the court.

The facts of this case are, that Mrs. Upshaw being a married woman and an infant of eighteen years of age, her husband, in her presence, made a sale of her mules to one Humphreys, who had leased her plantation for two years, and that afterwards, while occupying said plantation and having possession of said mules, Humphreys executed a deed of trust on them for supplies. The plaintiff in replevin claimed the mules against Mrs. Upshaw by virtue of the deed of trust executed by Humphreys, and the question presented is, whether a married woman who is under twenty-one years of age can recover her personal property sold with her knowledge by her husband, without objection on her part, or any notification to the buyer at the time that she is the owner of the property. The court below held that Mrs. Upshaw was estopped from claiming the mules, and this is the error assigned.

If Mrs. Upshaw had been twenty-one years of age at the time of the sale, her title would have passed to Humphreys by the sale made by her husband ; for her silence would have amounted to consent, and it would have been as if she had sold the mules herself. It is competent for a married woman to sell her personal property as if she was unmarried. The restriction of the statute as to the mode of disposing of the property of a married woman relates alone to real estate. *Harding* v. *Cobb,* 47 Miss. 599.

The difficulty in this case arises from the infancy of Mrs. Upshaw. It is certain that she could not have contracted a valid sale of the mules or other personal property, and that the rights of third persons had supervened makes no difference. *Hill* v. *Anderson,* 5 S. & M. 216 ; *Cason* v. *Hubbard,* 38 Miss. 35.

Did her silent consent, deduced from her failure to proclaim her rights and object to the sale, confer any greater right on Humphreys than her contract would have done ?

The authorities assert a distinction between rights based on contracts with infants and those resulting from the frauds of infants ; and in the effort of the courts to prevent the privilege of infancy from being employed to do great wrong, they have sometimes applied the principle of estoppel to infants to prevent such result. While we may be willing, in a proper case, to follow the lead of these decisions, we have not been able to find a case like this, in which the infant *feme covert* has been held to have lost her property because of her silence in the presence of her husband, who was making a sale of her property. It is true that " neither infants nor *femes covert* are privileged to practise deception or cheats upon other innocent persons," that infants are liable for torts, and will, where justice requires, be precluded from profiting by their *frauds.* But there is a marked distinction between " actual and positive fraud, committed by some unequivocal act," and that inferred from mere silence or acquiescence. *Barham* v. *Turbeville,* 1 Swan, 437 ; *Wilie* v. *Brooks,* 45 Miss. 542. We think the Circuit Court erred in holding that Mrs. Upshaw lost her title to the property by her silence in the presence of her husband when he was negotiating the sale. It does not appear

that Humphreys was induced to buy the property, or that the person who trusted him on the faith of it was induced to do so, or was misled by any *act* of Mrs. Upshaw. No question of affirmance, after the sale, by Mrs. Upshaw arises, because she was under twenty-one years of age when this action was brought.

*Judgment reversed, and cause remanded for new trial.*