## GAMBREL v. HARPER.

[74 South. 623, Division A.]

INFANTS. *Avoidance of sale by father. Consent.*
    Where the father of a minor, with her consent, turned over a mule belonging to the minor to a creditor of the father to be applied on a debt due by him, the minor could avoid such transfer and recover of such creditor the value of the mule since had she sold the mule herself she would have had the right to avoid the contract and maintain a suit for the mule and consenting to the sale by her father would not be more binding on her than her own contract.

APPEAL from the circuit court of Jones county.
HON. P. B. JOHNSON, Judge.

Suit in justice of peace court by M. L. Gambrel, by next friend, against J. L. Harper. Judgment there for plaintiff and defendant appealed to circuit court, where a peremptory instruction was granted for defendant and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Hansell & Welsh,* for appellant.

Can a minor daughter without fraud on her part having given her father permission to have her property applied as payment on land which was to be conveyed to the minor daughter, recover her property, or its value, the seller having breached his contract to convey, neither the father nor the minor daughter receiving any value whatever?

Under these circumstances the daughter being a minor, could the father even in this manner get title to his minor daughter's property? We say he could not, and if he could not, certainly, no other person could. Had the property been land we know neither the father nor Harper could get title to the minor's property except through the chancery court. Then if that be true, doesn't the same right apply to personal property?

This was a mule colt and was exempt and the father had the right to do with as he chose, so there is no question but what the property was the property of the daughter, but as stated above, this point, or rather the question of fraudulent conveyance from the father to the daughter, was not raised by the defendant, and the jury was not asked to pass on this question, or rather was not given a chance because of the peremptory instruction.

This question as to a minor's rights is settled in favor of the minor in the case of *Upshaw* v. *Gibson*, 53 Miss. 343. In this case the very question in the case at bar is asked, and settled by the court in favor of the minor, the facts are the same. The wife, a minor, permitted her husband in her presence to sell her mules, without any notice to the buyer that the mules were her property, and the buyer then gave another party wno was an innocent purchaser a deed of trust on the mules, and then a contest arose between the holder of the deed of trust and the wife as to the title to the mules. The court in that case held Mrs. Upshaw had done nothing to deceive any one, and reversed the decision of the lower court and awarded the mules to Mrs. Upshaw, likewise in the case at bar appellant had done nothing by word or deed to deceive Harper, nor had she received anything. The case at bar is even stronger than the *Upshaw Case*, 53 Miss. mentioned above, because there the husband must have received value for his wife's mules. In the case at bar we did not even

get the use of the land. The truth about this case is this as the court will readily see:

There was some money due Harper who bid in the land over and above what the land brought and as soon as he, Harper got the mule he figured that the mule and the price he got for the land, two hundred dollars, would pay the old debt and make him whole.

We confidently believe the facts show this case ought to be reversed and a judgment rendered in this court for appellant.

*Deavours & Hilbun,* for appellee.

We submit that there is no evidence in this record to show fraud on the part of the appellee, Harper, the father of the appellant, who brought this suit for her, who in his own evidence, had no complaint to make. The evidence shows without any contradiction that Gambrell owed the appellee a debt; that when this debt was due, he could not pay it; that appellee extended the time of payment from time to time, for three or four years, and gave Gambrell every opportunity to pay pay the indebtedness. Gambrell finding that he could not pay the debt, finally requested the appellee to foreclose his deed of trust, and sell the property. This was accordingly done. At the sale the property did not bring enough to pay the indebtedness. Gambrell finally proposed to sell the appellee a mule colt for one hundred and fifteen dollars, this amount to be credited on the indebtedness still due the appellee. The colt was delivered to Mr. Harper, who, as the evidence shows, had no notice of any claim by the daughter of Gambrel. Several months after this transaction, appellant, by her father and next friend, filed suit against appellee, claiming that she was the owner of the mule at the time of the sale to appellee. Appellee shows that he never heard of her claim until suit was brought. We submit, that a cursory reading of record will disclose

that this is a fraudulent scheme of Gambrel to recover from Harper that which he justly owed him and as Harper thought, paid him in good faith. Gambrel says that his daughter agreed to the sale; that he agreed to the sale; that nothing was said to put him on notice of the claim of the daughter.

Counsel for appellant cited *Upshaw* v. *Gibson,* 53 Miss. 433, in support of their contention. The court in that case decided that any infant could not lose her property, because of her silence in the transaction. There is no such case here. And we say that the conduct of appellant in this case forever estops her from setting up claim to this property.

The court held in this case that: "Neither infants nor *femes covert* are privileged to practice deception or cheats upon other innocent persons; that infants are liable for torts, and will, where justice requires, be precluded from profiting by their frauds."

We call the attention of the court to the case of Wilie, *et al.* v. *Brooks,* 45 Miss. 544: "It has been well said, that the silence of a party when, in good conscience he ought to speak, shall close his mouth when he would speak."

"There are certainly cases in which infants themselves will be held responsible in courts of equity for their fraudulent concealments and misrepresentations, whereby other innocent persons are injured." If the title to this property was ever in appellant, and her evidence discloses the most doubtful sort of claim to any ownership of this property, certainly by her concealment of this fact, and her conduct throughout the whole controversy, she is estopped in making any claim to this property, at this time, against Mr. Harper, the appellee, against whom there was no charge, or proof whatever of any wrong-doing.

The circuit judge in the court below heard the evidence; saw the demeanor of the witnesses, and decided that there was no merit whatever in the contention of

the appellant. We think this is eminently right and proper.

SYKES, J., delivered the opinion of the court.

The plaintiff in the court below, a minor, appellant here, sued the defendant (appellee) in a justice of the peace court of Jones county for one hundred and fifteen dollars, the price and value of a mule. From a judgment in the justice of the peace court an appeal was prosecuted to the circuit court. At the trial in the circuit court the testimony of the appellant showed that she was the owner of the mule, which had been given her by her father; that her father was indebted to the appellee, J. L. Harper, and with her permission turned her mule over to Harper at an agreed value of one hundred and fifteen dollars to be credited on this indebtedness. The appellee knew nothing about the claim of ownership of the appellant to this mule. A peremptory instruction was given in favor of the appellee at the conclusion of all the testimony. The sole question presented to this court for decision is whether or not the appellant, a minor, can avoid the contract of her father made with her consent for the sale of her mule to the appellee. Had she sold the mule to appellee, she would have had the right to avoid the contract and maintain this suit. Consenting to the sale by her father would not be more binding on her than her own contract. The facts here are very much like those in the case of *Upshaw* v. *Gibson,* 53 Miss. 341. As is said in that case.

"It is certain that she could not have contracted a valid sale of the mules or other personal property, and that the rights of third persons had supervened makes no difference. . . .

"Did her silent consent, deduced from her failure to proclaim her rights and object to the sale, confer any greater right on Humphreys than her contract would have done?

· To which question the court answered "No."

It therefore follows that the circuit court was in errr in granting the peremptory instruction for the defendant.

*Reversed and remanded.*